RECEIVED

FILED

Thyrone Ryan Stewart
Pleasant Valley S.P.
P.O Box 8500
Coalinga CA 93210
D-43176 D-1-126

2010 DEC 22 PM 12:01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.

2010 DEC 27 PM 3:17

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

The United States District Court
Southern District of California

In re Thyrone Ryan Stewart
On Writ of
Error Coram Nobi's.

Superior Ct #No RIF091928
Appellate Ct #No E051714
Supreme Ct #No S185782
And S186747.
Motion's under 28 USC. § 2254 and 1651 and Rule's 1. 2. and 4. To Correct the Sentence, the Prison Credits, And Reference to Judge. Request an Order to Show Cause.

ED CV10-1997 GHK MAN

Introduction

Now come's the Petitioner Thyrone Ryan Stewart, by and through this pro-per, Petition by way of Writ of Error Coram Nobi's, to the United States District Court, Southern District of California, Petitioner at Pleasant Valley State Prison, file's this pro-se action for a writ of Coram Nobi's, / Habeas Corpus, pursuant to 28 U.S.C. section 2254, and 28 USC. section 1651. This Petition is now before this court for review, pursuant to 2243 and Rule 1.-2.-4. of the Rules Governing section 2254 cases.

530

Ju due

(A

# Background

The Petitioner provides the following information: Thyrone Ryan Stewart, at Pleasant Valley State Prison, Filed an appeal with Pleasant Valley State Prison, requesting the Prison to referre my Presentencing Credit issues, to the sentencing court, pursuant to Title 15 section 3371.1 (h). The Petitioner also asked the Prison, to recalculate his credits, pursuant to Penal Code section 2900, because he was sentenced, pursuant to Penal Code 667(e)(1), this would mean the Prison, must correct it's case records, to prevent inadvertent confinement of an illegle committment in the department. On Apr 25-10 I Filed a second inmate appeal contesting that C.D.C., had determined I would be suitable for parole in Dec 16-50, alleging I was convicted of two count's Corporal Indury to my Spouse, one first degree burglary, and Assault, with a deadly weapon. I informed the Prison these commitments were in error. I explained this information should be presented to the board, as soon as possible, because any of which when corrected, or even considered by the board, would have or would result in substantially different

decision's upon a rehearing, pursuant to Penal Code section 3041.(b). I explained that a statute, that requires a prisoner, to serve a specified term, of incarceration before being released, on parole, is a "Provision", requiring the service of a Minimum Term, within the Sentencing Doubling Language of the Three Strikes Law, Penal Code section 667(e)(1), [citeing] Criminal Law Key 1202.2. And People v Jefferson, 86 Cal Rptr 2d 893, and In re Johnson, 41 Cal Rptr 449. See CDC's Director's Level Appeal Decision, in Exhibit 21a. Note: The Trial Court Judge, had Retiered in 2002. Because the appropriate Judge, was unavailable to consider the motion, another Judge, of the district, in accordance with the procedure of the court, for the assignment of its business, was assigned the motion, or case, in 2002, after the Order that modifed the Opinion by the Appeal's Court No E028880. The Petitioner feels an animus inconsistents with Judicial objectivity. The Petitioner also feels the Judge's, failure to follow the sentencing rules, suggests a whimsical disregard of sentencing schemes, that are incompatible with a judicial effort to comply with its complex terms. (c

because of this tipe of practice, by the Riverside County Courts, left the Petitioner, without remedy, feeling this was unfair to him. The Petitioner, was compelled to file in the County of Fresno, insted of Riverside,. The Courts and or it's Judges, should not contrue states, in isolation, but rather read every statute, with reference to the entire scheme of Law, of which it is a part, so that the whole, may be harmonized, and retained, for it's effectiveness. The preference for judge, buho is well informed about the case, serves the interests of both parties. An alternative practice would impose heavy burdens, on scarce judicial, resources. The respondant provides no reason for the fact that only one prior, was imposed, and the fact it carried only a one year term, adds up to a Minimum Eligible Parole Date of the year 2050.

Exicuted Dec 7-2010.

Respectfully Submitted

[signature]

Thyrone Ryan Stewart

in per-se

PROOF OF SERVICE BY FIRST-CLASS MAIL

CCP §§ 1013a(3),2015.5(b)

F.R.Civ.P rule 5

I, the undersigned, declare and state that I am a citizen of the United States, am over the age of eighteen (18) years, and am ~~not~~ a party to this action or special proceeding. On the date shown below I did serve a copy of the following document:

A Petition of Error of Coram Nobis/ Habeas Corpus

by placing a true and complete copy (copies) into envelope(s) addressed to each of the following:

1. The United States District Court of California
3470 Twelfth st. Riverside, CA 92501-3000

2. The Attorney General San Francisco office 455
Golden Gate Avenue, Ste 11000
San Francisco, CA 94102-3664

any by affixing sufficient postage thereon in an amount which would guarantee first-class delivery in the United States mails, and by placing said envelope(s) into the possession of a California correctional officer at Pleasant Valley State State Prison where I am confined for delivery to each addressee as provided by institutional procedures and state law.

Date of delivery to correctional officer: Dec 8 2010

I, the undersigned, declare under penalty of perjury that the foregoing is true and correct.

Executed at Coalinga P.V.S.P., CA 93210

[signature]
Signature of Declarant

Thyrone Ryan Stewart
Printed Name

PROOF OF SERVICE BY FIRST-CLASS MAIL

CCP §§ 1013a(3), 2015.5(b)

F.R.Civ.P rule 5

I, the undersigned, declare and state that I am a citizen of the United States, am over the age of eighteen (18) years, and am not a party to this action or special proceeding. On the date shown below I did serve a copy of the following document:

A Petition of Error of Coram Nobis / Habeas Corpus

by placing a true and complete copy (copies) into envelope(s) addressed to each of the following:

1. The United States District Court of California
3470 Twelfth st. Riverside CA 92501-3000

2 The Attorney General San Francisco office 455
Golden Gate Avenue, Ste 11000
San Francisco CA 94102-3664

any by affixing sufficient postage thereon in an amount which would guarantee first-class delivery in the United States mails, and by placing said envelope(s) into the possession of a California correctional officer at Pleasant Valley State State Prison where I am confined for delivery to each addressee as provided by institutional procedures and state law.

Date of delivery to correctional officer: Dec 8 2010

I, the undersigned, declare under penalty of perjury that the foregoing is true and correct.

Executed at Coalinga P.V.S.P., CA 93210

Thyrone Ryan Stewart
Signature of Declarant

Thyrone Ryan Stewart
Printed Name

Court of Appeal, Fourth Appellate District, Division Two - No. E051714

**S186747**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

SUPREME COURT
FILED

THE PEOPLE, Plaintiff and Respondent,

NOV 10 2010

v.

Frederick K. Ohlrich Clerk

THYRONE RYAN STEWART, Defendant and Appellant.

Deputy

The petition for review is denied.

GEORGE

*Chief Justice*

20B

SUPREME COURT
FILED

AUG 23 2010

Frederick K. Ohlrich Clerk

Deputy

Thyrone Ryan Stewart
Pleasant Valley State Prison
P.O. Box 8500
Coalinga CA 93210
D-43175 D-1-126

The California State Supreme Court

RECEIVED
AUG 9 - 2010
CLERK SUPREME COURT

S185782

In re
Thyrone Ryan Stewart
On Writ of
Error Coram Nobis

Case# C051044
Petition for Writ of Error Coram Nobis and the Memorandum of Points and Authorities in Support Thereof

RECEIVED
AUG 23 2010
CLERK SUPREME COURT

I

Introduction

Now comes Petitioner Thyrone Ryan Stewart, by and through this pro per, Petition by way of Writ of Error Coram Nobis, to this Supreme Court. Requesting Resolution of Credits Vested pursuant to Penal Code section 2900.5, and C.D.C.s code of regulations Title 15 section 3043.(d)(2). to determine the Petitioner's Maximum Eligible Parole Date, as to the accumulation of credit earning status. Along with this request is the request of the resolution of suitable parole eligiblity hearing, to determine whether the Petitioner is suitable for parole, pursuant to 15 CCR §§ 2280 - 2292, and section 3041.5, of the Penal Code.

This Petition Concerns

The Petitioners Credits.

My name Thyrone Ryan Stewart;

Incarcerated At Pleasant Valley State Prison. Coalinga

Reson for commitment. Two counts of Spousal Battery, and A one year prior.
Two 273.5 counts and one 667.5(b) prior

Location of commitment. Riverside Superior

Case # RIF 091928. . . Date Nov 17-2000

Date sentenced. Jan 5 2001

Length of sentence. Three year's, or fifty two years.
Expected releas. Unclear. . . Plea, not guilty

Attorney At trial Leonard Valadez.

Page

# Appendix A

1. Opinion of this petition filed in Fresno. County Superior Court Central Divison 18.
2. Order of this petition Denied in Riverside County Superior Court. 18.
3. Order of Writ of Error Coram Nobis Denied by Court of Appeal Fourth District Division Two 20.
4. The Supreme Courts Deniel En-Banc

PAG

# Exhibit A

1. Inmate Administrative appeal exhausted for the correction of credits pursuant to P.C. 2900. 21.
2. CDC,s response to credit appeal. 22.
3. Legal status summary sheet with a Discrepant indecation at the top. 23.
4. Riversides Court Minute order of the Determinate Sentence of one year 24.

///

Page

# Exhibit B

1. Inmate Administrative appeal for parole Consideration puls continuation of Appeal. 25. 26.
2. CDCs response of non jurisdiction. 27.
3. Reporters Trancsript 28 through 31 of the declared offense convicted of by the trial court Judge, as well as the sentence of one year for the offense to be served before the one year, that was imposed for the one state prison prior, that was proven. Also a Statement of the courts reasons for the sentence, where it was determind on line 25 and 26 that an indeterminate sentence could not be imposed 28. 29.

# Exhibit C

1. The Clerks minute order of the sentencing 32.
   A. Statute of conviction PC 667(E)(1)
   B. discrepantcy with sentence where strike priors were not imposed.
2. Alleged amended abstract of Judgment with only one prior imposed totaling one year A one year Determinate term, pursuant to P.C. 667(E)(1) 34.
3. The frist abstract of Judgment with Three priors, one pursuant to 667.5 one year and two pursuant to 667(A)(1) with no time. 35.

## II
## Parties

Petitioner Thyrone Ryan Stewart, is a prisoner of the State of California, presently incarcerated at Pleasant Valley State Prison (PVSP).

Respondent James Yates, is the Warden of PVSP, and is the legal custodian of Petitioner.

Respondent Tom Maddock, is Acting Director of the California Department of Corrections, and as such is responsible for the lawful operation of all of its institutions, including PVSP.

## III
## Statement of Facts

The first factor in determining the MEPD, is the sentence the prisoner received. Prisoners who have life terms, under the Three Strikes Law pursuant to Penal Code section 667(e)(2)(A), 1170.12, must serve a minimum term, as calculated under the provisions of that law. Some life prisoners can reduce the MEPD, through time credits, who show good behavior, or work in prison, can be considered for parole sooner than the statutory minimum term. By contrast, under the law pursuant to Penal Code section 667(e)(1), any good behavior, and work in prison, should be considered to reduce the MEPD

through time credits. earned from 2001 through 2010. For the Petitioner,

Petitioner filed appeal requesting the department of Corrections, to referre ~~my~~ his credit issues to the court's, pursuant to Penal Code section 2900.5, and to CDC's Title 15 section 3371.1(b)(1), and to issue a parole release date consideration hearing, pursuant to Penal Code section 3041. and section 667.(e)(1).

IV

Contentions

Respondent's refusal to retain, or recalculate, maximum eligible parole date, as to the accumulation of credit earning status, is in error

V

Petitioner is without remedy save for Writ of Error Coram Nobis, Accordingly, Petitioner request that this court:

Issue a Writ of Coram Nobis;

Issue an order to show cause;

Declare the rights of the parties;

Order respondents to provide all legal privileges as to corrections, while awaiting the hearing

Appoint counsel, or award reasonable attorney's fees; Grant any and all other relief necessary.

Memorandum of Points and Authorities in Support of the Petition for Writ of Error of Coram Nobis.

Introduction

California inmates enjoy privileges, based on their assignment, to a Privilege Group (Cal. Code of Regs., title 15 section 3044(c).) Privilege group status is generally determined by an inmate's level of participation in the worktime credit program. The worktime credit law is to develop prisoners' work ethics, and job skills, and to seek self-sufficiency, for the prison. The statute authorizes CDC, to award one day of credit for each day of participation, in a fulltime credit qualifying work, or education program. A person sentenced to a doubled term, under the Two Strikes Law effective March 9 1994, can reduce his, or her, prison time by no more than 20 percent credit, Penal Code sections 667(c)(5), 1170.12(a)(5). In addition the CDC, cannot interpret its rules, or operate the program in an arbitrary manner, if to do so denies a prisoner credits. Case records staff calculate credits, by information provided by courts.

Supporting facts
Cases, rules, and other Authoritys

The department of corrections, erroneously aplyed meritorious credits, pursuant to Penal Code section 2933.1. I the Petitionerr, was sentenced, under Penal Code section 667(e)(1). for two counts, of Penal Code section 273.5 Spousal Battery, (see exhibit 28) this statute, is not one of the offense, that are defined in subdivision (c), of section 667.5, or section 1192.7,. Spousal Battery, is not a serious, or a violent crime, so the trial court, did not impose the mandated, five year enhancements, that Penal Code section 667(A)(1), requires. Through out my confinement, at Pleasat Valley State Prison, I have not received any worktime credits, for my performance. (see People v Thomas supra 90 Cal Rptr.2d 642) It's very helpful, and instructive, in determining if all Three Strikes defendants are necessarily serious, or violent felons, because their sentence terms, are life terms, as to recidivists. The courts held that section 2933.1 credit limits, are confined to those defendants whose current conviction is serious, or violent.

CDC, Focuses on the specific offense, as being serious, or violent; without defining the offense, but based on the total term, in prison. The courts strictly, interprets the application of Penal Code section 2933.1. reasoning that without such limitation, as the current offense being violent, or serious, virtually all Three Strikes defendants, would have their sentences enhanced, with the five year serious, or violent felony enhancements, as Penal Code section 667(A)(1) mandates, as well as reciving the 25 to life term. (The courts, have rejected such results in People v Superior Court (Romero) (1996.) 53 Cal Rptr 2d 789.). The courts also decided, it is equally appropriate, to limit Penal Code sections 2933.1, and 667.5(c)(7)., to defendants whose current offenses, in and of themselves, and without any reference to the punisment, accorded under the Three Strikes Law, are to be violent, or serious, as well; (see In re Mitchell supra 97 Cal Rptr 2d 41) (that held that Penal Code section 2933.1,) may only apply to serious, or violent felonies. (see People v. Caceres supra, 60 Cal Rptr 2d 415)

It held that Penal Code section 2933.1, shell apply, if the cases that can trigger a Three Strike sentence, includes a violent, or serious felony. In the instant case, the Petitioner was convicted of Spousal Battery. (see exhibit 28) this offense, is not specified as violent, or serious, pursuant to Penal Code section 667.5(c), Accordingly, the 15%, custody credit limitation, of Penal Code section 2933.1, shell not apply to this offense. Note: both partys, agree to the fact that the trial courts records, do indicate a one year, determinate sentence was imposed, as well as to the statute, in which the Petitioner was convicted. Penal Code section 667(e)(1). (see exhibit 22) This exhibit, showes a conflict, and the lack of an understanding, of the Californias Penal Code provisions. The Respondent cites People v Stofle, to some-how explain its reasonings, why the Petitioners sentence was calculated, on the CDCR, commettment date to zero conduct credits. Petitioner contins, that this zero credit rule, applies exclusively to commitments, that were ordered pursuant to

the statute, provision of the Penal Code section 667, subdivision (e), paragraph (2), or section 1170.12 subdivision (c), paragraph (2). The Petitioner was not sentenced, under Penal Code section 667.7, or the statute 667.(A)(1), and was not convicted with a Serious, or violent felony offense, nor were any serious, or violent priors, imposed to meet the requirments, of a habitual, or a recidivist offender. When a prisoner arrives at a state prison, the department of corretions, case records specialist, reviews the Abstract of Judgment, and the minute order, of the Petitioners committmet, After the review, the specialist enters the sentence, the Abstract provides, into the computer system, and calculate the release date. In this instant case, because the conviction is charged under Penal Code section 667, subdivision (e), paragraph (1), (see exhibit 32) - exhibit 34 and exhibit 22). clarification, must be attained to allow CDCR, to correct, and or verify, its records, to prevent inadvertent confinement, of an illegle committment, in its department

because equal protection, requires the retroactive application, of the beneficial worktime credit rule (see In re Carter (1988) 244 Cal Rptr 648; CDCR worktime credit rules, interpretation is arbitrary; (In re Monigold 253 Cal Rptr 120.). The minute order provides as to the charges, a misdirection of the conviction. The court clerk, must select construction of the statute, that the conviction comports, with the apparent intent of the Legislature, with views of promoting, rather than defending, the general purpose of the statute, and avoid any interpretations, that would lead to absurd consequences. (see People v King 19 Cal Rptr 2d 233.). Note: 15% percent, custody credit limitation, for qualifying serious, or violent felonies, does not apply to Penal Code section 273.5, Spousal-Battery. All convictions shall be punishable, in the same manner, and to the same extent, as is provided for the punishment of other convictions, of the same statute, to read Penal Code section 273.5, that was declared

by the trial court, to be a misdemeanor, (see exhibit 28) as requiring the application of Penal Code section 2933.1, and one of the serious, or violent felonies, listed in Penal Code section 667.5, begs the question, and is contrary, to the plain language, of Penal Code sections 2933.1, and 667.5, witch is the express intent of the Legislature. (see exhibit 34. Also incorperated with this Writ of Error Coram Nobis, is a denied, parole consideration hearing, pursuant to Penal Code section 3041 (A). In this case, the Three Strikes Law, does not increase the amount of time the Petitioner must serve, before becoming eligible for parole, because I was charged, and sentenced, under Paragaph (1), of subdivision (e), of section 667, of the Penal Code. While the popular understanding of the Three Strikes Law, is that a Second Strike, results in a doubled sentence, and a Third Strike, is life inprisonment. The actual words, of the law, are far more complex so even trial judges, must look for the laws, meaning in its words. (see exhibit 32). Parole matters are subject to Due-Process.

The dudgment of the conviction, and sentence, by the trial court, was final. The actions, of the district attorneys, filing the information, in this case with four felonys, is not the exercise of dudicial power, or function, and the separation of powers doctrine, does not mandate, that the trial courts, exercise of discretion, cant reduce to misdemeanor, any offenses, (see exhibit 28 that were originally charged as felonys. Any review, of such an exercise of discretion, does not involve the prosecutors consent, to the disposition of criminal charges, before the courts, but rather any finding, of abuse is further exercise of dudicial power, by appllate court, West Ann. California Penal Code section 17 subdivision (b), a prior conviction, dose not preclude a trial court, from reducing an offense originally charged as a felony, either by imposing a misdemeanor, (see exhibit 28 line 24) sentence under Penal Code section 17 (b) (1), or by declaring it a misdemeanor, upon a grant of probation, section 17 (b) (3). The choice between felony, and misdemeanor, for a wobbler offense, is

dependent on the determination, by the official, who at the particular time possesses, Knowledge of special facts, of the individual case, and may therefor intelligently, exercise Legislatively granted discretion. Note Penal Code section 17, has not been superseded by the Three Strikes Law. (The Analyse of Vessell. 42 Cal. Rptr 2d, 241; and Trausch 42 Cal. Rptr 2d, 836; as well as Perez. 45 Cal Rptr 2d, 107. In these three court cases it is clear that the Three Strikes Law, has not abrogated the discretion. (see California Supreme Court case, People v Superior court (Alvarez). (1997) 60 Cal. Rptr 2d 93.) Two separate sentencing [schemes,] are created within the Three Strike Law, one is truly referred to as Three Strikes, and creates a life term, for a defendant who has suffered two, or more priors, that have been [plead, and proved,] pursuant to Penal Codes section 667.5 (c). And under section 667(e) (2), the second [scheme,] deals with a defendant who has suffered only one prior that was [plead, and proven]

pursuant to Penal Code section 667.5(c), this [scheme] under Penal Code section 667(e)(1), shall double the sentence. As stated above the Petitioner has a Determinate term, of one year, of which is to be served, before the [one-year prior,] proved pursuant to Penal Code section 667.5(c). The release, of a life prisoner, with the possibility of parole, is a discretionary decision, and involves procedures unique to life prisoners, includes hearings for deciding suitability, and if the prisoner is found suitable, the setting of a prison term, based on the [offense] and other commitment offenses. (see the Petitioners offense, exhibit 28). A cancellation, or other adverse change, to the life Prisoner's release date, shall be done at a lifer hearing. Penal Code section 3046, provides in paragraph (1), of subdivision (a), No prisoner, under life sentence, may be paroled, until he has served, the greater of the term, of at least [seven years,] paragraph (2), provides a term established.

It is apparent that CDC, has given the Petitioner a fixed primary term, of life, which is disproportionate to the circumstances, of the Petitioners offense, and culpability therein. The fact that Petitioner has a potential "life maximum", does not mean that its potentiality constitutes, an actual term. The sentence by the court, did not fix, the term at life. ( Penal Code section 1168, specifically prohibits the sentencing court from fixing a term, or duration, of confinement, and Penal Code section 1170, declares that the elimination of disparity, and the provision of uniformity of sentences can best be achieved by "determinate" sentences, fixed by statutes, in proportion to the seriousness, of the offense, as determined, by the Legislature, to be imposed by the court, with specified dicretion. CDC must fix, the primary term, according to the dictates, by the Supreme Court. In In re Rodriguez (1974) 14 Cal 3d 639. The law requires, that uniform terms be

set for offenses, of similar gravity, and magnitude, in regard to their threat, to the public. (see Penal Code section 3041(A). The Petitioner requested the hearing, becouse of necessary contradictory assertions, as to matters of fact, that needed to be resolved by CDC, pursuant to Penal Code section 3041.5(A)(3). CDC has acknowledged a problem. (see exhibit 23). This discrepance, predudices, my legal parole eligible date. The problem is the base term, was recorded by CDC, as to be Twenty five years, but the Reporters Transcripts show a one year sentence was imposed (see exhibit 28 line 19, that showes that the trial dudge, after declaring that only one prior prison term, was found to be true, pursuant to Penal Code section 667(c). That one year sentence was to be served, before the sentence for the one state prison prior, that aloud for one year as well (see exhibit 23 and exhibit 24

Prayer for Relief

Petitioner is without remedy save by writ of Error Coram Nobis.

Wherefore, Petitioner prays the Court:

1. Issue a writ of Coram Nobis,
2. declare the rights of each party,
3. order CDC to recalculate the parole date pursuant to Penal Code section 667(e)(1)
4. to fix the primary term according to Supreme Courts dictates,
5. expunge all references to the discrepance from Petitioner's central file,
6. provide worktime credits as well as all behavior credits to Petitioner,
7. appoint counsel award reasonable Attorney fees, and
8. grant any other and further relief this court deems proper.

Executed 8-18-01

Respectfully Submitted

Thyrone Ryan Stewart

Thyrone Ryan Stewart

in per se

# VERIFICATION

FORM No. 2

Verification of Pleading (Code Civ. Proc., § 446)
Declaration under Penalty of Perjury Form (Code Civ. Proc., §§ 446, 2015.5)

by Party

CASE TITLE Petition for Error Coram Nobis

I, Thyrone Ryan Stewart, declare:
(Name)

I am the Petitioner in the above-entitled matter.

I have read the foregoing Writ of Coram Nobis (pleading, e.g., complaint) and know the contents thereof.

The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

Executed on August 18, 2010, at Pleasant Valley State Prison, City of Coalinga, in Fresno County, California.

I declare (or certify) under penalty of perjury that the foregoing is true and correct.

[signature]
(Signature of Party)

*Proof of Service – Mail*

**PROOF OF SERVICE**

Re: Case Number E-051044
Case Title Petition of Writ of Error of Coram Nobis

I hereby declare that I am a citizen of the United States, am over 18 years of age, and am/am not a party in the above-entitled action. I am employed in/reside in the County of Fresno California and my business/residence address is D-yard at Pleasant Valley State Prison in the city of Coalinga

On August-18-2010, I served the attached document described as a Petition of Writ of Error of Coram Nobis

on the parties in the above-named case. I did this by enclosing true copies of the document in sealed envelopes with postage fully prepaid thereon. I then placed the envelopes in a U.S. Postal Service mailbox in Fresno, California, addressed as follows: To the Supreme Court of California

1. Carl Warren Building 350 McAllister street in San Francisco, CA 94102.

2. The Attorney General San Francisco Office 455 Golden Gate Avenue, Ste. 11000 San Francisco, CA 94102-3664.

I, Thyrone Ryan Stewart, declare under penalty of perjury that the foregoing is true and correct.

Executed on August-18-2010, at Pleasant Valley State Prison in Coalinga, California.

[signature]
Signature

# APPENDIX A

FILED
MAY 13 2010
FRESNO COUNTY SUPERIOR COURT
By ____________
DEPT. 72 - DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

CENTRAL DIVISION

In THYRONE RYAN STEWART,
Petitioner,
On Habeas Corpus

No. 10CRWR679859
Dept. 72
ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS

Having reviewed the petition for writ of habeas corpus filed with this Court on March 22, 2010, and without ruling on its merits, the Court finds that the petition should be transferred to Riverside County Superior Court for a decision on the merits.

Petitioner challenges the California Department of Corrections and Rehabilitation's calculation of his post-sentence custody credits. Petitioner contends that the 15% limitation on credits under Penal Code § 2933.1 does not apply to his case, because he was convicted of spousal battery under Penal Code § 273.5, which is not a violent or serious felony. He also contends that he was sentenced under Penal Code § 667(e)(1) and not 667(e)(2), so he is entitled to 50% custody credits. However, the CDCR has taken the position that petitioner is entitled to zero custody credits under *People v. Stofle* (1996) 45 Cal.App.4th 417

because he was sentenced to an indeterminate term under Penal Code § 667(e)(2).

Resolution of the issues in the petition will require the court to determine whether petitioner was properly sentenced under Penal Code § 667(e)(1), or whether he should have been sentenced under 667(e)(2). Therefore, because petitioner's sentence was imposed by the Riverside County Superior Court, the petition should have been brought in the Riverside County Superior Court, rather than in this Court.

Consequently, this Court hereby orders the petition transferred to the Riverside County Superior Court, forthwith. (*Griggs v. Superior Court* (1976) 16 Cal. 3d 341, 347; Calif. Rules of Court, rule 4.552(b)(2)(A).)

The Clerk of this Court is hereby ordered to forward the original petition, the envelope in which it was received and a certified copy of this order to:

Superior Court for the County of Riverside
505 S. Buena Vista, Ave.
Corona, Ca. 92882

DATED this 13 day of May 2010.

J. R. OPPLIGER

James R. Oppliger
Judge of the Superior Court

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

MAY 27 2010

By J. MARTIN Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

| | |
|---|---|
| In the Matter of the Petition of<br><br>Stewart, Thyrone Ryan<br><br>For a Writ of Habeas Corpus | Habeas Case #: RIC 10010417<br><br>Criminal Case #: RIF091928<br><br>ORDER RE PETITION FOR WRIT OF HABEAS CORPUS |

The Court, having read and considered the Petition for Writ of Habeas Corpus filed (date:) 03/22/10, hereby (denies / grants / transfers / other) as follows:

A. DENIALS

1. ✓ The petition is denied because the petition fails to state a prima facie factual case supporting the petitioner's release. (Cal. Rules of Court, rule 4.551(c).) The petition makes assertions regarding the applicable law that are contrary to established California case decisions.

2. ______ The petition is denied because the petition fails to state a prima facie factual case supporting the petitioner's release. (Cal. Rules of Court, rule 4.551(c).) While the petition states a number of factual conclusions, these broad conclusions are not backed up with specific details, and/or are not supported by the record in the case.

3. ______ The petition is denied with prejudice because the issues raised in the petition were raised and considered in a prior appeal. "[I]ssues resolved on appeal will not be reconsidered on habeas corpus . . . ." (*In re Clark* (1993) 5 Cal.4th 750, 765.)

4. ______ The petition is denied because the petition fails to raise any new issue that has not previously been addressed in an earlier writ petition. "[A]bsent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected." (*In re Clark* (1993) 5 Cal.4th 750, 767.)

| Petitioner's name: Stewart, Thyrone Ryan | Case number: RIC 10010417 |
|---|---|

5. _______ The petition is denied because the issues raised in the petition could have been but were not raised in an appeal, and no excuse for failing to do so has been demonstrated. "'[I]n the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction.'" (*In re Clark* (1993) 5 Cal.4th 750, 765.)

6. _______ The petition is denied because the petitioner has delayed the petition long after the facts occurred that allegedly justify relief, and he has failed to adequately explain the reason for the delay. A petitioner must justify any substantial delay in presenting a claim by, inter alia, stating when he became aware of the legal and factual bases for his claims, and explaining the reason for any delay since that time. (*In re Clark* (1993) 5 Cal.4th 750, 783, 786-787.)

7. _______ The petition is denied without prejudice because the petitioner has brought prior petitions arising from the same detention or restraint but the current petition fails to describe the nature and disposition of the claims made in those prior petitions. (Pen. Code, § 1475.)

8. _______ The petition is denied without prejudice because the petitioner is represented by counsel.

9. _______ The petition is denied because the petition fails to establish that the petitioner has exhausted available administrative remedies.

10. _______ The petition is denied because the petition is now moot due to changed conditions, e.g., no longer in custody.

11. _______ The petition is denied because the petition is incomplete, unintelligible, and/or unclear.

12. _______ The petition is denied without prejudice because it is not made on Judicial Council form MC-275, and there is not showing of good cause for failing to do so. (Cal. Rules of Court, rule 4.551(a)(1)&(2).)

13. _______ No order to show cause having been issued, the request for appointment of counsel is denied. (Cal. Rules of Court, rule 4.551(c)(2).)

14. ✓ Other: Only. Issue: Petitioners Situation and is concerned about credits

COURT OF APPEAL -- STATE OF CALIFORNIA
FOURTH DISTRICT
DIVISION TWO

ORDER

FILED
JUN 24 2010
COURT OF APPEAL FOURTH DISTRICT

THYRONE RYAN STEWART,
Petitioner,
v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY,
Respondent;
THE PEOPLE,
Real Party in Interest.

E051044

(Super.Ct.No. RIF091928)

The County of Riverside

THE COURT

The petition for writ of error *coram nobis* and/or habeas corpus is DENIED.

RAMIREZ
Presiding Judge

cc: See attached list

COPY

10A

# Exhibit A

follows

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: JUN 23 2010

In re: Thyrone Stewart, D43175
Pleasant Valley State Prison
P.O. Box 8500
Coalinga, CA 93210-8500

IAB Case No.: 0910719 Local Log No.: PVSP-09-01523

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner D. Artis, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I APPELLANT'S ARGUMENT: It is the appellant's position that he was sentenced pursuant to the "two strikes law" and therefore should be eligible to earn work time/conduct credits. The appellant requests that he file be reviewed to determine if he was, in fact, sentenced in accordance with California Penal Code Section (PC) 667(e)-(1), and that that he be considered for recall of his commitment.

II SECOND LEVEL'S DECISION: The reviewer found that the appellant was interviewed on September 16, 2009, by Case Records Supervisor (CRS) S. Mendonca, regarding this appeal issue. It was determined that on September 16, 2009, the appellant was sentenced by the court to serve an indeterminate term of 50 years to life on two counts plus one year determinate term. The appellant was told that it is very clear as to the court's intent that he was sentenced under the strikes law guidelines which begin with PC 667(b), and PC1170.12(c). The Court of Appeal ruled in _People vs. Stofle (1996)_ that indeterminate third strike offenders are not entitled to earn any credit to reduce their minimum term. The appellant was also informed that pursuant to PC 1170.12(c)(2)(A), or PC667(c)(2)(A), "if a defendant has two or more prior felony convictions, as defined in paragraph (1) of subdivision (b), that have been pled or proved, the term of the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of: twenty five years." Based upon the aforementioned, the appellant's appeal was denied at the Second Level of Review (SLR).

III DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: A thorough examination of the appellant's appeal issues was conducted in conjunction with an examination of the supporting documents provided by the institution. The appellant remains dissatisfied with the SLR response stating that the institution has the right to grant, deny or recall a case in accordance with the California Code of Regulations, Title 15, Section (CCR) 3076(b) and (d). However, the Director's Level of Review found that institution staff thoroughly provided the appellant with information that his sentencing is appropriate and in accordance with State and departmental policy. There is no evidence that supports institution staff informed the appellant that his case will be referred back to the sentencing court for recall purposes. As such, no action is required by this level of review.

B. BASIS FOR THE DECISION:
PC: 667
CCR: 3001, 3043, 3076, 3084.1, 3370, 3371.1, 3380

C. ORDER: No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

D. ARTIS, Appeals Examiner
Inmate Appeals Branch

D. FOSTON, Chief
Inmate Appeals Branch

cc: Warden, PVSP
Appeals Coordinator, PVSP

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region 1. ASP D 2.
Log No. 1. 09-01523 2.
Category 6

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Thyrone Ryan Stewart | D-43175 | Porter | D-1-126L |

A. Describe Problem: The department of Corrections must referre my credit issues to the sentencing court pursuant to Title 15 § 3371.1(h) also CDC must calculate meritorious credits pursuant to P.C. § 2900. My Legal Status Summary is in error, it showese 3 strikes, I was sentenced pursuant to P.C. 667.(e)(1) not 667.(e)(2)(A) or 1170.12(c) so CDC must correct its case records to prevent inadvertent confinement of a illegale commitment in the department. Note: any strikable priors were in fact struck

If you need more space, attach one additional sheet.

B. Action Requested: I would like my file reviewed to determen if in fact my sentence when calculated pursuat to California Law is legal under the statute I was sentenced under (ie) 667.(e)(1). If not Im asking to be considered for recall of the commitment or provided conduct credits.

Inmate/Parolee Signature: [signature] Date Submitted: 7-22-09

C. INFORMAL LEVEL (Date Received: 7-27-09)

Staff Response: See Attached Response

Staff Signature: [signature] Date Returned to Inmate: 7-27-09

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Under the three strike Law (PC 667(b)-(i) or (PC 1170.12. there two provisions: A is pursuant to 667(e)(2).) and B 667 (e)(1). Accordingly my credit code should be 3% not 35 I am only to serve 50% of my sentence, because I was sentenced under the Two Strikes Provision PC(667(e)(1).) (1170.12(c)(1)) See Attached documents

Signature: [signature] Date Submitted: July 30-09

AUG 04 2009

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

RECEIVED RECORDS PVSP

21a

Department of Corrections and Rehabilitation

# Memorandum

Date : September 16, 2009

To : Stewart, D-43175
D1-126L

Subject: FIRST LEVEL RESPONSE, APPEAL LOG NO.: PVSP D-09-01523

Your appeal was referred for First Level Review on August 12, 2009. S. Mendonca, Correctional Case Records Supervisor, investigated your appeal.

ISSUE: In your appeal you state that you should be earning half time credit on your sentence.

APPEAL RESPONSE: I explained that the court sentenced you to a determinate term of one year for Penal Code (PC), Section 667.5(B), and an indeterminate sentence of 50 years to life on two counts of PC, Section 273.5. You were sentenced pursuant to PC Section 667(e)(1), which states in part...

*(e) For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction:*

*(1) If a defendant has one prior felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction.*

*(2)(A) If a defendant has two or more prior felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greater of:*

*(ii) Imprisonment in the state prison for 25 years....*

Your sentence has been calculated pursuant to <u>PEOPLE VS. STOFLE (1996) 45 CAL.APP. 4TH 417</u>, wherein the Court of Appeal determined that inmates committed to an indeterminate term as a third strike offender are not entitled to earn any credit to reduce their minimum term. Therefore, zero conduct credit is effective the date of sentencing. The zero credit rule applies exclusively to third strike commitments ordered pursuant to PC Section 667(e)(2)(A)(i), (ii) or (iii) or PC Section 1170.12(c)(2)(a)(i), (ii) or (iii).

DECISION: Considering the above information, your appeal is DENIED at the First Level of Review.

Susan Mendonca
Correctional Case Records Supervisor

K. R. Nash
Associate Warden (A)
Central Operations

22
A

***People v. Stofle (1996) 45 Cal.App.4th 417 52 Cal.Rptr.2d 829***

*[1] Under a separate heading, Stofle argues that subdivision (c)(5) of section 667, in limiting in-prison credits to "one-fifth of the total term," fn. 3 is void for vagueness because it fails to "specify[] how this limitation is to be applied ...." He argues that there are "at least three, equally reasonable[,] [45 Cal.App.4th 421] methods of applying the limitation" and that any method chosen by the Department of Correction to implement the provision would be "arbitrary" and "discriminatory" as likely to affect unspecified "certain prisoners" "more adversely" than others. The Attorney General responds: (1) the claim "is not yet ripe" since Stofle had not yet been granted or denied credits by the time of judgment and had many years to go before reaching his minimum eligible parole date (MEPD); (2) Stofle lacks standing to raise hypothetical situations which he posits; and (3) the subject credits do not apply to him-a "third strike" defendant sentenced to an indeterminate as opposed to determinate term. Without deciding ripeness, we find the latter two points dispositive. Stofle does not show that the credits limitation is fatally vague in all situations, and he is thus limited to an as-applied challenge to those aspects affecting his own case. (People v. Sipe (1995) [illegible] 466, 480-481 [42 Cal.Rptr.2d 266].) His problem, we agree, is that the limitation simply does not apply to the indeterminate term which he received.*

*Subdivision (c)(5) of section 667 refers to "credits awarded pursuant to" section 2930 et seq. (fn. 3, ante), and the parties agree that the relevant section in that article is section 2933. That section does allow credits greater than the one-fifth limitation, but it expressly applies to persons sentenced to state prison "under Section 1170" (§ 2933, subd. (a)), which by its terms applies to "determinate sentences" (§ 1170, subd. (a)). Stofle's term of 25 years to life is indeterminate (see § 669), and he offers no reply to this analysis as offered in the respondent's brief. Anticipating a reply which never came, the Attorney General correctly notes that the Penal Code does specially allow credits to apply in some indeterminate life terms with parole minimums. This is done by a clear statement that the credits "shall apply to reduce any minimum term" specified in that subdivision or section (see, e.g., §§ 190. subds. (a) and (c), 217.1, subd. (b), 667.51, subd. (d), 667.61, subd. (j), 667.7, subd. (a)(1), 667.71, subd. (b), 667.72, subd (b); 667.75, and 2933.1, subd. (b); but see People v. Jenkins (1995) [illegible] 247 [40 Cal.Rptr.2d 903, 893 P.2d 1224] [for reasons of intent and to avoid absurd results, construing § 667.7 as limiting murderers to § 190 credits]). and effectively allows an earlier MEPD. However, the statement regarding credits in three strikes is different. It does not say that the credits "shall apply" to any specified life or minimum term; it simply limits "[t]he total amount of credits awarded," without mention of indeterminate terms (fn. 3, ante). In these circumstances, we must apply the general rule that release on parole is barred until a specified minimum term has elapsed (§ 3046). The credit limitation is not vague as to Stofle's sentence. [45 Cal.App.4th 422]*

16/JUL/2010 ...ARY TYPE- D PVG ** DISCREPANT **08/13/2004 21:37

| CDC NUMBER | NAME | ETHNIC | BIRTHDATE |
|---|---|---|---|
| J43175 | STEWART,THYRONE,RYAN | BLA | 08/11/1956 |

ACA STEWART,THYRONE

| TERM STARTS | LIFE TERM STARTS | MIN ELIGIBLE PAROLE DTE |
|---|---|---|
| 02/02/2001 | 02/02/2001 | 12/16/2050 |

BSE TERM 25/00 + ENHCMNTS 26/00 = TOT TERM 51/00 TO LIFE | PAROLE PERIOD 3 YRS

PRE-PRISON + POST SENTENCE CREDITS

| CASE | P2900-5 | P1203-3 | P2900-1 | CRU-CRED | MH-CRED | P4019 | P2931 | POST-SENT | TOT |
|---|---|---|---|---|---|---|---|---|---|
| RIF091928 | 258 | | | | 128 | | | 27 | 413 |

*C296 DNA COMPLETED

DOC. HEARING: 03/2007   DEFENSE ATTORNEY: VALADEZ,L
INIT. HEARING: 11/2049   INVESTIGATING AGENCY: RIVERSIDE PD

| RECV DT/ CNT | COUNTY/ OFF-CODE | CASE DESCRIPTION | SENTENCE DATE | CREDIT CODE | OFFENSE DATE |
|---|---|---|---|---|---|

CONTROLLING PRINCIPAL & CONSECUTIVE (INCLUDES ENHANCEMENTS/OFFENSES):

--CONTROLLING CASE --
2/02/2001 RIV RIF091928 1/05/2001 NO STRIKES: 3
01 P667.5(B) PPT-NV 3
03 P273.5 CORP INJ SPOUSE 35 04/23/2000
04 P273.5 CORP INJ SPOUSE CS 35 04/23/2000

| TRAN TYPE | DATE | END DATE | LOG NUMBER | RULE NUMBER | D A Y S ASSESS | LOST | REST | DEAD |
|---|---|---|---|---|---|---|---|---|

RG 11/18/1986 ******REG BAL*******
DD 12/10/1992 CR44166
CURRENT PC BALANCE: 0   CURRENT RC BALANCE: 0

Case Number : RIF091928. People vs. THYRONE STEWART

DETERMINATE SENTENCE OF 1 YEAR TO BE SERVED PRIOR
TO INDETERMINATE SENTENCE OF 50 YEARS TO LIFE.
CREDIT FOR TIME SERVED of 258 actual days plus 128 days pursuant
to 4019 PC for a total of 386 days.
For The Charge(s) 02.
Sentenced to Riverside County Jail for the term of 365 days.
County jail sentence may be served at any Penal Institution.
Pay Restitution Fine pursuant to 1202.4(b) PC in the amount of
$10000.00. (PRISON)
Pursuant to section 2085.5 PC, Department of Corrections is
authorized to collect restitution Obligations.
Court finds defendant DOES NOT have the ability to reimburse the
county for attorney fees.
Defendant advised of appeal rights.
Remains remanded to custody of Riverside Sheriff.
Sheriff to Deliver Defendant to CDC at CHINO
**MINUTE ORDER OF COURT PROCEEDING**

Dispo

# Exhibit B

follows

| INMATE/PAROLEE APPEAL FORM CDC 602 (12/87) | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| | 1. SVSP | 1. | 6 |
| | 2. | 2. | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Thyrone Ryan Stewart | D-43175 | D-1-Porter 3rd | D-1-126 |

A. Describe Problem: C.D.C. Determined I would be suitable for parole (ie) MEPD Release date 12-16-2050. Alleging Corporal Injury to Spouse (2 counts) Non Controlling factors: (1 burglary 1st and Assault with deadly weapon (3rd strike). This Commitment offense is in error. I was convicted for (2 counts Spousel Battery) one 1st degree burglary my sentence is pursuant to the Penal Code statute 667(e)(1). The Appellant contins the panel made an error of Law and its decision was based on errorus facts. This information should be presented to the board, any of which when corrected or considered by the board has a substantial likelihood of

If you need more space, attach one additional sheet. continued

B. Action Requested: I would like a new parole release date set a consideration hearing pursuant to PC § 3041(A) and set a new "Matrix" for similar types of convictions which are charged under Penal Code 667(e)(1) of the three strikes law, with a indeterminate sentence. Not precisely determined

Inmate/Parolee Signature: [signature] Date Submitted: 4-25-10

C. INFORMAL LEVEL (Date Received: )

Staff Response:

Staff Signature: Date Returned to Inmate:

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: Date Submitted:

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

MAY 03 2010

CDC Appeal Number:

MAY 03 2010 40

25

ontinued from A.

resulting in a substantially different decision upon a rehearing pursuant to Penal Code 3041.(b). Note: Penal Code section 3046.(A) subdivision (1) A term of at least seven calendar years. subdivision (2) A term as established pursuant to any other provision of law that establishes a minimum period of confinement under a life sentence before eligibility for parole. The deliberate use of the period that is prescribed by Penal Code 3046. as used in the statute Penal Code section 667(e)(2)(A) Differentiates it from a minimum term, and were it not different it could not be used to define the minimum term to be imposed under this subdivision, because under 667(e)(2)(A) The Legislature described the parole ineligibility period that is in section 3046, as a period and not a "Minimum Term," The Legislature could not and did not intened for that [period] to be a minimum term under the statute 667(e)(1) of the Penal Code. I was and I am entitled to the seven calendar year term, because a statute requiring a prisoner to serve a specified term of incarceration before being released on parole is a "Provision" requiring the service of a Minimum Term within the Sentence-Doubling Language of the Three Strikes Law Penal Code 667(e)(1). see Criminal Law Key 1202.2. People v Jefferson, 86 Cal Rptr 2d 893; and see In re Johnson 41 Cal Rptr 449

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the INFORMAL Level

*May 3, 2010* 10

*STEWART, D43175*
*DFB1T1000000126L*

Log Number: PVSP-D-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*Not PVSP jurisdiction. If you feel you were sentenced incorrectly, you must contact the Courts.*

G. Duran/W. Fellows/L. Narton
CCII, Appeals Coordinators/AGPA
PVSP

NOTE: Please make the changes or corrections requested and resubmit the original appeal within fifteen working days. Once an appeal has been cancelled that appeal may not be resubmitted. However a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation decision is granted.

PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

there were longer times between reoffending. But it does not show an attempt to rehabilitate or change one's lifestyle which under Romero can change the Court's mind; for example, a 15- or 20-year-old felony and no criminal history since then, and then another offense which triggers the application of the so-called strikes legislation that would be a substantial mitigating factor that the Court could consider determining whether or not to strike one of the priors, a so-called strike prior.

In this case, the lapse in time primarily are attributable to the fact Mr. Stewart was serving time in prison for his offenses. I note even interspersed at times were other offenses of a serious nature, a conviction in '85 just before the '86 burglary. There was a '91 misdemeanor conduct, looks like a trespass, malicious mischief and battery apparently just before being sent away on the more recent; that is, the '92 first-degree burglary.

And the fact that you're relatively young, all things considered, I don't think it's appropriate at this time that any of the strikes be stricken.

That's the Court decision on the so-called Romero motion.

On the sentencing issues themselves, I noticed the probation report refers to Count II as a felony. My review is that was a lesser.

MR. HESTRIN: Yes.

THE COURT: Misdemeanor conviction Counts III and IV, the two separate incidences of spousal battery for which Mr. Stewart was convicted.

My question to the attorneys is: Is Count I, 654, is that the conduct that was part and parcel of the first 273.5?

MR. HESTRIN: Yes.

THE COURT: So it should be 654 then, I would think.

MR. HESTRIN: Yes, your Honor.

THE COURT: All right. So I think then what's viable as far as sentencing and what Mr. Stewart is exposed to is two consecutive life terms for Counts III and IV and an imposition of a stay of sentencing on Count I pursuant to Section 654.

All right. As a matter of law, Mr. Stewart is ineligible for probation, and therefore, the Court is relieved of the function under the rules of court of balancing factors that may grant a probation to those that mitigate against.

At this time, pursuant to law then as to Count III, the defendant is ordered to serve a term in state prison characterized as an indeterminate term of 25 years to life. And as for Count IV is the same sentence, but consecutive to III.

However, there was a one-year prior, I believe.

MR. HESTRIN: I believe it was, your Honor.

THE COURT: Alleged and proven.

Defendant is sentenced to one year in state prison to serve before the indeterminate sentencing for the one state prison prior proved up pursuant to 667(c). If my memory serves, the strikes were just alleged as strikes, but they weren't alleged state prison priors as well.

MR. HESTRIN: That's correct.

THE COURT: All right. So I don't think indeterminate sentences is imposable as to that.

Based on the time Mr. Stewart is to serve by virtue of the two consecutive life terms, Court finds he has the ability to pay

restitution fine in the sum of $10,000 to be taken from state prison earnings. Court also imposes a parole restitution fine pursuant to Section 1202.45 also in the amount of $10,000. That to be suspended unless and until parole is granted and subsequently revoked.

Apparently there is no actual restitution --

MR. HESTRIN: No, your Honor.

THE COURT: -- that's being sought that is known at this time or that the Court needs to continue jurisdiction regarding?

MR. HESTRIN: No, your Honor.

THE COURT: All right.

THE COURT: Credit for time served has been computed by the probation department at 258 days of time actually in custody. 4019 time provides additional 128 days for a total 386 days total time served.

Does that appear to be accurate?

MR. VALADEZ: I'll submit it.

THE COURT: That will be the order.

We have misdemeanor matter that was apparently dissuading a witness alleged pursuant to 136.1, dated 8-28 of 2000. And Count II violating the protective order. This is pled pursuant to 273.6.

MR. HESTRIN: Motion to dismiss.

THE COURT: All right. And the grounds would be the sentence and felony case?

MR. HESTRIN: Yes, sir.

THE COURT: Any objection on the motion?

MR. VALADEZ: No.

THE COURT: Motion is granted.

Court will find based on Mr. Stewart's custodial status, he

does not have the ability to reimburse the County for legal fees.

All right. Mr. Stewart, I'm sure Mr. Valadez has adequately advised you regarding your appeal rights, but I'm required by law to do so anyway. Bear with me.

You have the right to appeal from this sentence. If you wish to appeal, you must file a written notice of appeal with the clerk of this Court within 60 days of today's date. If you do appeal and are unable to hire a lawyer, the Appellate Court will appoint a lawyer to represent you on appeal free of charge. You also have a right to a free transcript and a record of the necessary proceedings in this court.

The written notice of appeal must be timely filed. If you fail to file in 60 days, you are in jeopardy of losing your right to appeal.

MR. VALADEZ: Thank you.

THE COURT: All right. That will complete this matter.

MR. HESTRIN: Thank you, your Honor.

(Whereupon the proceedings were concluded.)

# Exhibit C

follows

000144

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
505 S Buena Vista Ave Rm 201
Corona, Ca 91720-1997

People of the State of California
Vs.
THYRONE RYAN STEWART

CASE NO. RIF091928

MINUTE ORDER

=======================================================================

Sentencing (SENT)
Date: 01/05/01 Time: 9:30 am Dept/Div: C1

=======================================================================

Charges: 1) 245(A)(1) PC-F C, 2) 242 PC-M C, 3) 273.5(A) PC-F C
4) 273.5(A) PC-F C, 999) 667.5(B) PC-F T, 999) 667(A) PC-F T
999) 667(A) PC-F T

-----------------------------------------------------------------------

Honorable TIMOTHY J. HEASLET Presiding.
Clerk: D. RIDER
Court Reporter: K. POTTER
People Represented By M HESTRIN, DDA.
Defendant Represented By CDP-LEONARD VALADEZ.
Defendant Present.
At 9:15, the following proceedings were held:
Court Has Read and considered the probation officer's report.
No Legal Cause why sentence should not now be pronounced.
Defendant Waives Arraignment For pronouncement of judgment.
Oral Motion By DEFENSE regarding ROMERO MOTION is called for hearing.
Argument made By Counsel, Matter is submitted.
Motion Denied.
Defendant Requests Immediate Sentence.
Probation Is Denied and sentence is imposed as follows: (SENT)
Defendant is sentenced pursuant to 667(e)(1)PC
As To Count 03 the court imposes the Indeterminate sentence of 25 years to Life.
Principal Count Deemed to be Count # 03.
As To Count 04 the court imposes the Indeterminate sentence of 25 years to Life.
Count 04 to Run ConSecutive to count 03.
As to Count(s) 01, the Court imposes the UPPER term of 4 year 0 months.
Count 01 to Run ConCurrent.
654 Penal Code stay granted on Count(s) 01.
As To the Prior 01, the Court imposes 1 years.
Prior 01 to Run ConSecutive to sentence imposed in Count 4.
As To the Prior 02, the Court imposes 5 years.
Court Orders Time imposed on Prior(s) 02 stayed
As To the Prior 03, the Court imposes 5 years.
Court Orders Time imposed on Prior(s) 03 stayed
Sentenced to State Prison for a total Indeterminate sentence of 1 YEAR AND 50 YEARS TO LIFE.

# ABSTRACT OF JUDGMENT – PRISON COMMITMENT

FORM DSL 29

[X] SUPERIOR [ ] MUNICIPAL [ ] JUSTICE COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

FILED SUPERIOR COURT OF CALIFORNIA COUNTY OF RIVERSIDE AUG - 5 2004

COURT (I.D.) 3,3,1,0,0 BRANCH OR JUDICIAL DISTRICT: RIVERSIDE

PEOPLE OF THE STATE OF CALIFORNIA versus [ ] PRESENT RIF091928 -A

DEFENDANT: THYRONE RYAN STEWART -B

AKA: [X] NOT PRESENT -C

COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT AMENDED ABSTRACT [X] 1ST -D -E

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO | JUDGE | CLERK |
|---|---|---|---|
| 010501 | C1 | TIMOTHY HEASLET | D. RIDER |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| K.POTTER | M. HESTRIN | CDL-LEONARD VALADEZ | |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES (OR ALTERNATE FELONY/MISDEMEANORS):

[X] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT 1 OF 2 (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | TERM (L, M, U) | CONCURRENT | CONSECUTIVE 1/3 VIOLENT | CONSECUTIVE 1/3 NON-VIO. | CONSECUTIVE FULL TERM | INCOMPLETE SENTENCE(S) CONSECUTIVE | 654 STAY | PRINCIPAL OR CONSECUTIVE TIME IMPOSED YEARS | MONTHS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | PC | 245(A)(1) | ASSAULT FORCE LIKE | 00 | 11 | 17 | 00 | X | | | U | | | | | | X | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER. List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b) list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Enhancement | Yrs or 'S' | Total |
| | | | | | | | | | | |

4. INCOMPLETED SENTENCE(S) CONSECUTIVE:

| COUNTY | CASE NUMBER | CREDIT FOR TIME SERVED |
|---|---|---|
| | | |
| | | |

5. OTHER ORDERS

SEE ATTACHED

Use additional sheets of plain paper if necessary.

6. TOTAL TIME IMPOSED ON ALL ATTACHMENT PAGES (FORM DSL 290-A):

7. TIME STAYED TO COMPLY WITH 5-YEAR OR 10-YEAR LIMIT ON SUBORDINATE TERMS, DOUBLE-BASED-TERM LIMIT, ETC. (Do not include § 654 stays or discretionary stays of term for enhancements.)

8. TOTAL TERM IMPOSED:

9. EXECUTION OF SENTENCE IMPOSED:

A. [ ] AT INITIAL SENTENCING HEARING B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL C. [ ] AFTER REVOCATION OF PROBATION D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d)) E. [X] OTHER REMITTITUR 6/19/02

10. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) 01/05/01 CREDIT FOR TIME SPENT IN CUSTODY TOTAL DAYS 386 INCLUDING: ACTUAL LOCAL TIME 258 LOCAL CONDUCT CREDITS 128 STATE INSTITUTIONS [ ] DMH [ ] CDC

11. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:

[X] FORTHWITH [ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS

INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT: [ ] CALIF. INSTITUTION FOR WOMEN – FRONTERA [ ] CALIF. MEDICAL FACILITY – VACAVILLE [ ] SAN QUENTIN [X] CALIF. INSTITUTION FOR MEN – CHINO [ ] DEUEL VOC. INST. [ ] OTHER (SPECIFY):

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE DATE 08/05/04

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted by the Judicial Council of California Effective April 1, 1992

ABSTRACT OF JUDGMENT – PRISON COMMITMENT FORM DSL 290

Pen.C. 1213.5

DISTRIBUTION: PINK COPY – COURT FILE YELLOW COPY – DEPARTMENT OF CORRECTIONS WHITE COPY – ADMINISTRATIVE OFFICE OF THE COURTS

# ABSTRACT OF JUDGMENT - PRISON COMMITMENT
## INDETERMINATE SENTENCE

FORM CR 292

[X] SUPERIOR
[ ] MUNICIPAL
[ ] JUSTICE
COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

COURT (I.D.) 3 3 1 1 0 0
BRANCH OR JUDICIAL DISTRICT: RIVERSIDE

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
AUG - 5 2004

PEOPLE OF THE STATE OF CALIFORNIA versus [ ] PRESENT RIF091928 - A
DEFENDANT: THYRONE RYAN STEWART - B
AKA: [X] NOT PRESENT - C
COMMITMENT TO STATE PRISON AMENDED - D
ABSTRACT OF JUDGMENT ABSTRACT [X] 1ST - E

| DATE OF HEARING (MO) (DAY) (YR) | DEPT. NO. | JUDGE | CLERK |
|---|---|---|---|
| 010501 | CI | TIMOTHY J. HEASLET | D. RIDER |

| REPORTER | COUNSEL FOR PEOPLE | COUNSEL FOR DEFENDANT | PROBATION NO. OR PROBATION OFFICER |
|---|---|---|---|
| K.POTTER | M.HESTRIN | CDL-LEONARD VALADEZ | |

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:
[X] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT 2 OF 2 (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3 | PC | 273.5(A) | INFLICT CORPORAL | 00 | 11 | 17 | 00 | X | PRINCIPAL | | | | |
| 4 | PC | 273.5(A) | INFLICT CORPORAL | 00 | 11 | 17 | 00 | X | | | | X | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS. (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER:
List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b), list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 667.5(B) | 1 | | | | | | | | | 1 |
| **Enhancement** | **Yrs. or "S"** | **Enhancement** | **Yrs. or "S"** | **Enhancement** | **Yrs. or "S"** | **Enhancement** | **Yrs. or "S"** | **Enhancement** | **Yrs. or "S"** | **Total** |
| | | | | | | | | | | |

4. Defendant was sentenced to State Prison for an indeterminate term:
A. [ ] For LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts ______.
B. [ ] For LIFE WITH POSSIBILITY OF PAROLE on counts ______.
C. [ ] For 15 years to life, WITH POSSIBILITY OF PAROLE on counts ______.
D. [X] For 25 years to life, WITH POSSIBILITY OF PAROLE on counts 3,4.
E. [ ] For other term prescribed by law on counts ______. (Specify term on separate sheet if necessary.)
PLUS enhancement time shown above.

5. [ ] Indeterminate sentence shown on this abstract to be served [ ] consecutive to [ ] concurrent with any prior incompleted sentence(s).

6. Other Orders: (List all consecutive/concurrent sentence relationships, fines, etc. if not shown above)
DEFENDANT IS SENTENCED TO 1 YEAR DETERMINATE PLUS
DEFENDANT IS SENTENCED TO STATE PRISON FOR A TOTAL INDETERMINATE SENTENCE OF 50 YEARS TO LIFE. DEFENDANT IS SENTENCED PURSUANT TO 667(E)(1) PC. PAY RESTIT FINE PURST TO 1202.4(B)PC. PURST TO SECTION 2085.5 PC. DEFENDANT IS ADVISED OF APPEAL RIGHTS. DETERMINATE SENTENCE OF 1 YEAR TO BE SERVED PRIOR TO INDETERMINATE SENTENCE OF 50 YEARS TO LIFE. COPY OF REMITTITUR ATTACHED.
(Use an additional page if necessary.)

7. [ ] The Court advised the defendant of all appeal rights in accordance with rule 470, California Rules of Court. (AFTER TRIAL ONLY)

8. EXECUTION OF SENTENCE IMPOSED:
A. [ ] AT INITIAL SENTENCING HEARING
B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL
C. [ ] AFTER REVOCATION OF PROBATION
D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d))
E. [X] OTHER: REMITTITUR 6/19/02

| 9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR) | CREDIT FOR TIME SPENT IN CUSTODY TOTAL DAYS | INCLUDING: ACTUAL LOCAL TIME | LOCAL CONDUCT CREDITS | STATE INSTITUTIONS |
|---|---|---|---|---|
| 01/05/01 | 386 | 258 | 128 | [ ] DMH [ ] CDC |

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
[X] FORTHWITH
[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS
INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
[ ] CALIF. INSTITUTION FOR WOMEN—FRONTERA
[ ] WASCO
[ ] OTHER (SPECIFY)
[ ] CCWF—CHOWCHILLA
[ ] SAN QUENTIN
[X] CALIF. INSTITUTIONS FOR MEN—CHINO
[ ] R.J. DONAVAN
[ ] DEUEL VOC. INST.

CLERK OF THE COURT
I hereby certify the foregoing to be a correct abstract of the judgment made in this action.
DEPUTY'S SIGNATURE
DATE 08/05/04

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

Form Approved by the Judicial Council of California
Effective January 1, 1993

ABSTRACT OF JUDGMENT - PRISON COMMITMENT - INDETERMINATE
CR 292

DISTRIBUTION

34

000159

# ABSTRACT OF JUDGMENT - PRISON COMMITMENT
## INDETERMINATE SENTENCE

FORM CR 292

[X] SUPERIOR [ ] MUNICIPAL [ ] JUSTICE COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

COURT (I.D.) 3 3 1 0 0

BRANCH OR JUDICIAL DISTRICT: SUPERIOR

FILED SUPERIOR COURT JAN 31 2001

PEOPLE OF THE STATE OF CALIFORNIA versus DEFENDANT: THYRONE RYAN STEWART

AKA:

[X] PRESENT [ ] NOT PRESENT

RIF091928 -A
-B
-C
-D
-E

COMMITMENT TO STATE PRISON ABSTRACT OF JUDGMENT

AMENDED ABSTRACT [ ]

DATE OF HEARING (MO) (DAY) (YR): 010501 | DEPT. NO: C1 | JUDGE: TIMOTHY J HEASLET | CLERK: D RIDER

REPORTER: K POTTER | COUNSEL FOR PEOPLE: H HESTRIN | COUNSEL FOR DEFENDANT: CDP - LEONARD VALADEZ | PROBATION NO. OR PROBATION OFFICER:

1. DEFENDANT WAS CONVICTED OF THE COMMISSION OF THE FOLLOWING FELONIES:
[ ] ADDITIONAL COUNTS ARE LISTED ON ATTACHMENT ______ (NUMBER OF PAGES)

| COUNT | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION MO. | DAY | YEAR | CONVICTED BY JURY TRIAL | COURT TRIAL | PLEA | CONCURRENT | CONSECUTIVE | 654 STAY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3. | PC | 273.5(A) | INFLICT CORPORAL | 00 | 11 | 17 | 00 | X | PRINCIPAL | | | | |
| 4 | PC | 273.5(A) | INFLICT CORPORAL | 00 | 11 | 17 | 00 | X | | | | X | |
| 1 | PC | 245(A)(1) | ASSAULT FORCE LIKELY | 00 | 11 | 17 | 00 | | | | X | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

2. ENHANCEMENTS charged and found true TIED TO SPECIFIC COUNTS (mainly in the § 12022-series) including WEAPONS, INJURY, LARGE AMOUNTS OF CONTROLLED SUBSTANCES, BAIL STATUS, ETC.: For each count list enhancements horizontally. Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add up time for enhancements on each line and enter line total in right-hand column.

| Count | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

3. ENHANCEMENTS charged and found true FOR PRIOR CONVICTIONS OR PRIOR PRISON TERMS (mainly § 667-series) and OTHER: List all enhancements based on prior convictions or prior prison terms charged and found true. If 2 or more under the same section, repeat it for each enhancement (e.g., if 2 non-violent prior prison terms under § 667.5(b), list § 667.5(b) 2 times). Enter time imposed for each or "S" for stayed or stricken. DO NOT LIST enhancements charged but not found true or stricken under § 1385. Add time for these enhancements and enter total in right-hand column. Also enter here any other enhancement not provided for in space 2.

| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 667.5(B) | 1 | 667(A) | S | 667(A) | S | | | | | 1 |
| Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Enhancement | Yrs. or "S" | Total |
| | | | | | | | | | | |

4. Defendant was sentenced to State Prison for an indeterminate term:
A. [ ] for LIFE WITHOUT THE POSSIBILITY OF PAROLE on counts ______.
B. [ ] for LIFE WITH POSSIBILITY OF PAROLE on counts ______.
C. [ ] For 15 years to life, WITH POSSIBILITY OF PAROLE on counts ______.
D. [X] For 25 years to life, WITH POSSIBILITY OF PAROLE on counts 3 & 4.
E. [ ] For other term prescribed by law on counts ______ (Specify term on separate sheet if necessary.)

PLUS enhancement time shown above.

5. [ ] Indeterminate sentence shown on this abstract to be served [ ] consecutive to [ ] concurrent with any prior incompleted sentence(s).

6. Other Orders: (List all consecutive/concurrent sentence relationships, fines, etc. if not shown above)

DEFT IS SENTENCED PURST TO 667(E)(1)PC. SENTENCED TO STATE PRISON FOR A TOTAL INDETERMINATE SENTENCE OF 1 YEAR AND 50 YEARS TO LIFE. DETERMINATE SENTENCE OF 1 YEAR TO BE SERVED PRIOR TO INDETERMINATE SENTENCE OF 50 YEARS TO LIFE. PAY RESTITUTION FINE PURST TO 1202.4(B)PC IN THE AMOUNT OF $10000.00. PURST TO 2085.5PC, DEPT OF CORRECTIONS IS AUTHORIZED EE TO COLLECT RESTITUTION OBLIGATIONS. DEFT ADVISED OF APPEAL RIGHTS.

(Use an additional page if necessary.)

7. [ ] The Court advised the defendant of all appeal rights in accordance with rule 470, California Rules of Court. (AFTER TRIAL ONLY)

8. EXECUTION OF SENTENCE IMPOSED:
A. [X] AT INITIAL SENTENCING HEARING B. [ ] AT RESENTENCING PURSUANT TO DECISION ON APPEAL C. [ ] AFTER REVOCATION OF PROBATION D. [ ] AT RESENTENCING PURSUANT TO RECALL OF COMMITMENT (PC § 1170(d)) E. [ ] OTHER ______

9. DATE OF SENTENCE PRONOUNCED (MO) (DAY) (YR): 01 05 01 | CREDIT FOR TIME SPENT IN CUSTODY: TOTAL DAYS 386 INCLUDING: | ACTUAL LOCAL TIME 258 | LOCAL CONDUCT CREDITS 128 | STATE INSTITUTIONS [ ] DMH [ ] CDC

10. DEFENDANT IS REMANDED TO THE CUSTODY OF THE SHERIFF, TO BE DELIVERED:
[X] FORTHWITH
[ ] AFTER 48 HOURS, EXCLUDING SATURDAYS, SUNDAYS AND HOLIDAYS
INTO THE CUSTODY OF THE DIRECTOR OF CORRECTIONS AT THE RECEPTION-GUIDANCE CENTER LOCATED AT:
[ ] CALIF. INSTITUTION FOR WOMEN—FRONTERA [ ] CCWF—CHOWCHILLA [X] CALIF. INSTITUTIONS FOR MEN—CHINO [ ] DEUEL VOC. INST.
[ ] WASCO [ ] SAN QUENTIN [ ] R.J. DONOVAN
[ ] OTHER (SPECIFY)

CLERK OF THE COURT

I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

DEPUTY'S SIGNATURE | DATE: 01/31/01

SUPERIOR COURT OF CALIFORNIA COUNTY OF RIV

This form is prescribed under Penal Code § 1213.5 to satisfy the requirements of § 1213 for indeterminate sentences. Attachments may be used but must be referred to in this document.

Form Approved by the Judicial Council of California Effective January 1, 1993

ABSTRACT OF JUDGMENT — PRISON COMMITMENT - INDETERMINATE
CR 292

Pen. C. § 1213.5

DISTRIBUTION PINK COPY—COURT FILE YELLOW COPY—DEPARTMENT OF CORRECTIONS

FILED

2010 DEC 27 PM 3:02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re Thyrone Ryan Stewart<br><br>PETITIONER(S)<br><br>v.<br><br>RESPONDENT(S). | CASE NUMBER:<br><br>EDCV10-1997 GHK (MAN) |
| | **NOTICE OF REFERENCE TO A UNITED STATES MAGISTRATE JUDGE**<br>**(Petition for Writ of Habeas Corpus / Motion for Extension of Time to File Habeas Corpus Petition)** |

Pursuant to General Order 08-05, the within action has been assigned to the calendar of the Honorable George H. King, U.S. District Judge. Pursuant to General Order 05-07, the within action is referred to U. S. Magistrate Judge Margaret A. Nagle, who is authorized to consider preliminary matters and conduct all further hearings as may be appropriate or necessary. Thereafter, unless the Magistrate Judge determines that an evidentiary hearing is required, the Magistrate Judge shall prepare a report and recommendation and file it with the Clerk of the Court which may include proposed findings of fact and conclusions of law where necessary or appropriate, and may include a proposed written order or judgment, which shall be mailed to the parties for objections.

Pleadings, motions for extension of time and all other matters to be called to the Magistrate Judge's attention shall be formally submitted through the Clerk of the Court.

The Court must be notified within fifteen (15) days of any address change. If mail directed by the clerk to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the petition with or without prejudice for want of prosecution.

Clerk, U. S. District Court

12/27/2010
Date

By G. Guzman
Deputy Clerk

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**
312 North Spring Street, Room G-8 Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

**TERRY NAFISI**
District Court Executive
and Clerk of Court

Monday, December 27, 2010

**THYRONE RYAN STEWART, D-43175 D-1-126**
**PLEASANT VALLEY STATE PRISON**
**P.O. BOX 8500**
**COALINGA, CA 93210**

Dear Sir/Madam:

Your petition has been filed and assigned civil case number EDCV10- 1997 GHK (MANx)

Upon the submission of your petition, it was noted that the following discrepancies exist:

[x] 1. You did not pay the appropriate filing fee of $5.00. Submit a cashier's check, certified bank check, business or corporate check, government issued check, or money order drawn on a major American bank or the United States Postal Service payable to 'Clerk U.S. District Court'. If you are unable to pay the entire filing fee at this time, you must sign and complete this court's Prisoner's Declaration In Support of Request to Proceed In Forma Pauperis in its entirety. The Clerk's Office will also accept credit cards (Mastercard, Visa, Discover, American Express) for filing fees and miscellaneous fees. Credit card payments may be made at all payment windows where receipts are issued.

[ ] 2. The Declaration in Support of Request to Proceed in Forma Pauperis is insufficient because:

- [ ] (a) You did not sign your Declaration in Support of Request to Proceed in Forma Pauperis.
- [ ] (b) Your Declaration in Support of Request to Proceed in Forma Pauperis was not completed in its entirety.
- [ ] (c) You did not submit a Certificate of Prisoner's Funds completed and signed by an authorized officer at the prison.
- [ ] (d) You did not use the correct form. You must submit this court's current Declaration in Support of Request to Proceed in Forma Pauperis.
- [ ] (e) Other: ______________________________

Enclosed you will find this court's current Prisoner's Declaration in Support of Request to Proceed in Forma Pauperis, which includes a Certificate of Funds in Prisoner's Account Form.

Sincerely,

Clerk, U.S. District Court

GGUZMAN

By: ______________________

Deputy Clerk

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION
312 North Spring Street, Room G-8 Los Angeles, CA 90012
Tel: (213) 894-7984

SOUTHERN DIVISION
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

EASTERN DIVISION
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

TERRY NAFISI
District Court Executive
and Clerk of Court

Monday, December 27, 2010

**THYRONE RYAN STEWART, D-43175 D-1-126**
**PLEASANT VALLEY STATE PRISON**
**P.O. BOX 8500**
**COALINGA, CA 93210**

Dear Sir/Madam:

A [X] Petition for Writ of Habeas Corpus was filed today on your behalf and assigned civil case number EDCV10- 1997 GHK (MANx)

A [ ] Motion pursuant to Title 28, United States Code, Section 2255, was filed today in criminal case number ________ and also assigned the civil case number ________

A [ ] Motion for Extension of Time to File Habeas Corpus Petition was filed today on your behalf and assigned civil case number ________

Please refer to these case numbers in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:

[ ] District Court Judge ________
[X] Magistrate Judge **Margaret A. Nagle**

at the following address:

[X] U.S. District Court
312 N. Spring Street
Civil Section, Room G-8
Los Angeles, CA 90012

[ ] Ronald Reagan Federal
Building and U.S. Courthouse
411 West Fourth St., Suite 1053
Santa Ana, CA 92701-4516

[ ] U.S. District Court
3470 Twelfth Street
Room 134
Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change. If mail directed to your address of record is returned undelivered by the Post Office, and if the Court and opposing counsel are not notified in writing within fifteen (15) days thereafter of your current address, the Court may dismiss the case with or without prejudice for want of prosecution.

Very truly yours,
Clerk, U.S. District Court

By: GGUZMAN
Deputy Clerk

Thyrone Ryan Stewart
Pleasant Valley S.P.
P.O. Box 8500
Coalinga CA 93210

The United States District Court
of California 3470 Twelfth st.
Riverside CA 92501-3000

RECEIVED
CLERK U.S. DISTRICT COURT